UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-60854

MARIO MORALES,

    Plaintiff,

vs.

MEDICREDIT, INC.,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSE**

Plaintiff Mario Morales ("Plaintiff") hereby moves this court, pursuant to Federal Rule of Civil Procedure 12(f), to strike Defendant Medicredit, Inc's ("Defendant") affirmative defense "F" of bona fide error on the grounds that it is insufficient and otherwise fails to state legal defense.

**1. BACKGROUND & POSTURE**

1. On April 27, 2020, Plaintiff filed the operative Complaint, *see* D.E. 1, alleging Defendant, by and through a collection letter, violated § 1692e and §1692e(2)(A) of the Fair Debt Collection Practices Act ("FDCPA") and § 559.72(9), Fla. Stat., of the Florida Consumer Collection Practices Act ("FCCPA"). On May 21, 2020, Defendant filed its Answer to the Complaint. D.E. 7. In its Answer, Defendant attempts to raise the bona fide error affirmative defense. As set forth below, Defendant's bona fide error affirmative defense is vague and does not provide Plaintiff with sufficient information upon which to prepare a response, and does not provide Plaintiff with fair notice – and as such – should be stricken by this Court.

**2. STANDARD OF REVIEW**

2. Under Rule 12(f), the court may strike from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Motions to

strike affirmative defenses are properly granted when, on the face of the pleadings, are patently frivolous, or the purported defense is insufficient as a matter of law. *See* Muschong v. Millennium Phys. Group, LLC, 2014 WL 3341142, *1 (M.D. Fla. July 8, 2014) (stating that an affirmative defense is insufficient as a matter of law if either: "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.").

3. Affirmative defenses are insufficient as a matter of law if they fail to meet the general pleading requirements of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the asserted defense. *See* Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) ("'A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law.' [citation omitted] In addition, affirmative defenses must comply with the general pleading requirements of Fed.R.Civ.P. 8(a), which requires 'a short and plain statement' of the asserted defense." (citations omitted)); Merrill Lynch Bus. Fin. Servs. v. Performance Mach. Sys., 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005) (affirmative defenses are subject to the general pleading requirements of Rule 8(a) "and will be stricken if they fail to recite more than bare-bones conclusory allegations").

4. "Additionally, although an affirmative defense 'does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Mid-Continent Cas. Co. v. Active Drywall S., Inc., 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); *see also* Castillo v. Roche Laboratories Inc., 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010) (applying heightened pleading standard of Twombly to affirmative defenses); Home Mgmt. Solutions, Inc. v. Prescient, Inc., 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy

the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests" (*quoting* Twombly, 550 U.S. 544 at 556)).

### 3. DEFENDANT'S *BONA FIDE ERROR* AFFIRMATIVE DEFENSE

5.  "The FDCPA is a strict liability statute." Ferguson v. Credit Mgmt. Control, Inc., 140 F. Supp. 2d 1293, 1297 (M.D. Fla. 2001); *see* LeBlanc, 601 F.3d at 1190 ("The FDCPA does not ordinarily require proof of an intentional violation and, as a result, is described by some as a strict liability statute.") (citing 15 U.S.C. § 1692k). "Nevertheless, the FDCPA affords a narrow carve-out to the general rule of strict liability, known as the 'bona fide error' defense." Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1271 (11th Cir. 2011); *see* 15 U.S.C. 1692k(c) ("A debt collector may not be held liable . . . if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.").

6.  The bona fide error defense must be plead with specificity. *See* Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1271 (11th Cir. 2011) ("a debt collector bears a three-part burden of showing that its FDCPA violation (1) was 'not intentional;' (2) was a 'bona fide error;' and (3) occurred despite the maintenance of procedures 'reasonably adapted to avoid any such error.'").

7.  With respect to Defendant's operative Answer [D.E. 7], Defendant's bona fide error affirmative defense, in full, reads:

> "Medicredit states that any failure to comply with the requirements of the FCCPA, which may have occurred and about which Plaintiff complains, if it occurred, was not intentional but resulted from a bona fide error, not withstanding the maintenance of procedures reasonably adopted to avoid any such error; therefore, under the provisions of the FCCPA, Medicredit is not liable to Plaintiff."

D.E. 7 at 8. Simply put, Defendant's mere restatement of the statute creating the defense, *see* 15 U.S.C. 1692k(c), is not enough.

PAGE | **3** of 5

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

8. Under Fed. R. Civ. P. 9(b). Rule 9(b) provides "*[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.* Fed. R. Civ. P. 9(b) (emphasis added). For all averments of fraud or mistake, the circumstances constituting fraud or mistake "must" be stated with particularity. Leatherman v. Tarrant Co. Narcs. Intel. & Coordination Unit, 507 U.S. 163, 168 (1993). "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." GE Capital Corp. v. Lease Res. Corp., 128 F. 3d 1074, 1078 (7th Cir. 1997). Merely parroting the language of the statute cannot possibly be sufficient under this standard.

9. Here, Defendant does not set forth *any facts* in support of this affirmative defense. Defendant summarily states it maintains procedures reasonably adapted to avoid "any such error." D.E. 7 at 8. Notwithstanding the fact that Defendant fails to identify what "any such error" entails, Defendant does not specify the "procedures" it (Defendant) claims to have in place, nor does Defendant even attempt to articulate how such "procedures" are "reasonably adapted to avoid such error." D.E. 7 at 8. Instead, Defendant simply parrots § 1692k(c) of the FDCPA.

10. As such, Defendant's attempt to raise the bona fide error affirmative defense is vague and does not provide Plaintiff with sufficient information upon which to prepare a response, and does not provide Plaintiff with fair notice. *See* Tara Productions, Inc. v. Hollywood Gadgets, Inc., 2009 WL 4800542, *2 (S.D. Fla. Dec. 11, 2009) (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence failure to state a cause of action affirmative defense is vague and does not provide plaintiff with fair notice or sufficient information to prepare a response). Accordingly, Plaintiff requests that this defense be stricken, as Defendant has failed to allege any facts to support its affirmative defense of "bona fide error."

PAGE | **4** of **5**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

### 4. CONCLUSION

For the above stated reasons, Plaintiff respectfully requests Defendant's affirmative defense "F" of bona fide error be stricken with *prejudice*.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel represents that he conferred with counsel for Defendant, of whom stated that Defendant opposes relief sought herein.

DATED: May 27, 2020

                                                  Respectfully Submitted,

                                              /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       954-507-9974

*COUNSEL FOR PLAINTIFF*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 27, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                              /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377