UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60854-CIV-DIMITROULEAS

MARIO MORALES,

    Plaintiff,

vs.

,MEDICREDIT, INC.,

    Defendant.
_____/

### ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSE

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Affirmative Defense, filed on May 27, 2020. [DE 9]. The Court has carefully reviewed the Motion to Strike, Defendants' Response to Plaintiff's Motion to Strike Affirmative Defenses or in the alternative for Leave to Amend the Answer and Affirmative Defenses [DE 11], Plaintiff's Reply [DE 12], and is otherwise fully advised in the premises.

**I.   BACKGROUND**

Plaintiff filed this action for violation of § 1692e and §1692e(2)(A) of the Fair Debt Collection Practices Act ("FDCPA") and § 559.72(9), Fla. Stat., of the Florida Consumer Collection Practices Act ("FCCPA") on April 27, 2020. *See* [DE 1]. Plaintiff alleges that the Defendant sent him a collection letter internally dated April-2019 in an attempt to collect a consumer debt which falsely misrepresented Plaintiff's obligation with respect to the consumer debt, as Plaintiff is not liable or otherwise responsible for the medical services that were the subject of that debt. *See id.*

On May 21, 2020, Defendant filed an Answer and Affirmative Defenses to Plaintiff's Complaint. *See* Ans. [DE 7]. In response, Plaintiff filed the instant Motion to Strike Affirmative Defense [DE 9], requesting that the Court enter an order striking the Defendant's Defense "F," its bona fide error defense, which provides in its entirety as follows:

> F. Medicredit states that any failure to comply with the requirements of the FCCPA, which may have occurred and about which Plaintiff complains, if it occurred, was not intentional but resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error; therefore, under the provisions of the FCCPA, Medicredit is not liable to Plaintiff.

*See* [DE 7] at p. 8.

## II.   STANDARD OF LAW

Rather than denying a complaint's allegations or highlighting a defect in a plaintiff's prima facie case, an affirmative defense attempts to avoid liability by making "new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013).

Rule 12(f) permits a court to strike an insufficient defense. *See* Fed. R. Civ. P. 12(f). Striking an affirmative defense is a drastic remedy that is disfavored and that will be granted only if it is clear that the defense must fail. *Augustus v. Bd. of Pub. Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962). Furthermore, "both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic . . . motions under Rule 12(f) are viewed with disfavor and are infrequently granted." 5C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1380 (3d ed. 2008). "[I]t must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that

their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Id*.

Nonetheless, an affirmative defense can be struck if it is patently frivolous or invalid as a matter of law. *See Adams v. Jumpstart Wireless Corp*., 294 F.R.D. 668, 671 (S.D. Fla. 2013). In addition, affirmative defenses are subject to the same pleading scrutiny imposed by Rule 8(a) and *Twombly/Iqbal*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Losada v. Norwegian (Bahamas) Ltd*., No. 13–cv–22256–JLK, 2013 WL 6622911, * 2 (S.D. Fla. Dec. 16, 2013) ("After reviewing the case law on the issue and the purpose of an affirmative defense, this Court finds that affirmative defenses should be subject to the same general pleading standards of complaints.").[1] Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to give the opposing party fair notice of the claim and its grounds. *See Twombly*, 550 U.S. at 555-56, n.3. The pleading must articulate enough facts to raise a plausible right to relief on the assumption that all of the non-conclusory, factual allegations in the complaint are true. *Id*. at 555; *Iqba*l, 129 S. Ct. at 1949. Formulaic recitations filled with labels and conclusions without factual allegations are insufficient. *Twombly*, 550 U.S. at 555.

---

[1] The Eleventh Circuit has not yet decided this issue, and some district courts have held that affirmative defenses are subject to a different standard. *See, e.g.*, *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *2 (S.D. Fla. Apr. 26, 2013); *El Doral Office Condo. Ass'n v. Scottsdale Ins. Co*., No. 19-20418-CV, 2019 WL 1979361, at *2 (S.D. Fla. May 3, 2019). This Court will continue to rule consistently with its precedent that the *Twombly/Iqbal* standard applies. *See Aidone v. Nationwide Auto Guard, L.L.C.*, 295 F.R.D. 658, 660 (S.D. Fla. 2013).

### III. DISCUSSION

Defendant's bona fide Affirmative Defense "F" merely states that

> F. Medicredit states that any failure to comply with the requirements of the FCCPA, which may have occurred and about which Plaintiff complains, if it occurred, was not intentional but resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error; therefore, under the provisions of the FCCPA, Medicredit is not liable to Plaintiff.

*See* [DE 7] at p. 8.

Plaintiff argues that Defendant fails to plead sufficient facts to support the bona fide error defense. The Court agrees with Plaintiff that Defendant's Affirmative Defense "F" is impermissibly conclusory and vague and does not provide Plaintiff with sufficient information upon which to prepare a response, nor with fair notice of the grounds upon which this defense is based. *See Lynch v. Cont'l Grp., Inc.*, No. 12-21648-CIV, 2013 WL 166226, at *6 (S.D. Fla. Jan. 15, 2013) (striking affirmative defenses that contained only statements of law); *see also Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Accordingly, the Court will strike Defendant's bona fide Affirmative Defense "F" without prejudice to Defendant refiling an amended affirmative defense.

### III. CONCLUSION

Based upon the forgoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Affirmative Defense [DE 9] is hereby **GRANTED**;
2. Defendant's bona fide Affirmative Defense "F" is hereby **STRICKEN**;
3. Defendant may amend this defense on or before **June 30, 2020.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 16th day of June, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of Record